THE CITY OF NEW YORK, Appellant, *v.* CONRAD ALHEIDT, Respondent.

First Department, December 14, 1917.

**Municipal corporations — city of New York — Plumbing Rules, section 50, construed.**

Section .50 of the Plumbing Rules of the city of New York, providing that all pipes issuing from extensions or elsewhere which would otherwise open within twenty feet of the window of any building must be extended above the top of any window located within such distance, and that when a building exceeds in height that of an adjoining building, and windows or openings are cut in the wall on the lot line within twenty feet of the

roof terminal of any soil, waste or vent line in the lower building, the owner of the higher building shall defray the expense of extending said pipes above the roof of the higher building, should be liberally construed to effect its purpose of protecting the public health.

The words " adjoining building " should be used in their more liberal sense as referring to any higher building with windows within twenty feet of a vent pipe, and should not be confined to buildings actually contiguous.

The provision that where windows or openings are cut in the wall " on the lot line within twenty feet of the roof terminal of any soil, waste or vent line " should be construed to refer to windows upon the side of the building " along the lot line " and not to windows upon a street, as for instance in front of the building.

APPEAL by the plaintiff, The City of New York, from a determination and order of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of New York on the 3d day of November, 1915, affirming a judgment of the Municipal Court, City of New York, Borough of Manhattan, Fifth District, which dismissed the complaint.

An appeal is also taken from the judgment of the Municipal Court entered in the office of the clerk thereof.

*E. Crosby Kindleberger* of counsel [*Terence Farley, William J. Millard* and *John P. Morris* with him on the brief; *Lamar Hardy, Corporation Counsel*, attorney], for the appellant.

*Robert J. Robeson* of counsel [*Louis Wendel, Jr.*, with him on the brief], for the respondent.

SMITH, J.:

The action is brought to recover $250 as penalty for a violation of section 50 of the Plumbing Rules. Said section provides: " All pipes issuing from extension or elsewhere, which would otherwise open within 20 feet of the window of any building, must be extended above the top of any window located within such distance. When a building exceeds in height that of an adjoining building, and windows or openings are cut in the wall on the lot line within 20 feet of the roof terminal of any soil, waste or vent line now in place or subsequently installed in the lower building, the owner of the higher building shall defray the expense of extending said soil, waste or vent lines above the roof of the higher building or shall himself make such alteration."

The defendant was the owner of a building at 151 Perry

street. The higher building adjacent was at 155 Perry street. Plaintiff's building was four stories high, and this higher building was eight stories high. The vent pipe from the defendant's building was within twenty feet of one of the windows in the higher building, and hence was in violation of section 50. Proper notice was given to the defendant, and he refused to change the opening of the vent pipe so as to make it beyond twenty feet, and he refused to allow the owner of the higher building to extend the said vent pipe above the roof of the higher building as is provided by the 2d subdivision of the section.

The Municipal Court dismissed the complaint, and from the affirmance of that judgment by the Appellate Term this appeal is taken.

It will be seen that there are two distinct provisions in this section. The first provision is to the effect that all pipes issuing from extension or elsewhere, which would otherwise open within twenty feet of the window of any building, must be extended above the top of any window located within such distance. This provision was included for the public health, to the end that the foul gases issuing from such pipes should not be drawn into the windows within twenty feet of the opening. It should be liberally construed to effect its purpose. As appears in the other part of the ordinance, it is intended to apply whether or not the window within twenty feet of the opening was there at the time of the construction of the building or of the vent pipe. The other part of the ordinance provides that when a building exceeds in height that of an adjoining building, and windows or openings are cut in the wall on the lot line within twenty feet of the roof terminal of any soil, waste or vent line now in place or subsequently installed in the lower building, the owner of the higher building shall defray the expense of extending said soil, waste or vent lines above the roof of the higher building or shall himself make such alteration. It is claimed that the use of the term " adjoining building " in this part of the section is intended to be confined to buildings actually contiguous and that this qualifies the former part of the section otherwise unqualified as to the duty to extend the pipe above the roof of the higher building. In the first place,

the use of the word " adjoining " is not in that part of the ordinance which charges the duty to keep the opening of the vent pipe more than twenty feet from any window, but is in that part of the section which places the cost of the extension of such vent pipe upon the owner of the higher building. The principle, therefore, that a penal statute must be construed strictly has no application, but the word " adjoining " should be used in its more liberal sense, as referring to any higher building with windows within twenty feet of a vent pipe. The clause in the latter part of this ordinance providing where windows or openings are cut in the wall " on the lot line within 20 feet of the roof terminal of any soil, waste or vent line," should be construed to refer to windows upon the side of the building " along the lot line," and not to windows upon a street, as for instance, in front of the building, where the gases would be less apt to enter the window, by reason of the intervention of the corner of the building. It cannot be possible that this health measure was meant to apply to buildings actually adjoining and not to buildings separated only by a few feet of land. There is no reason for making this distinction. The charging part of the ordinance does not make it, and there is every reason why a window in a building separated by a few feet from a building upon which the vent pipe is erected should be protected as a window in a building actually contiguous to such building. The interpretation of the statute as given by the court below will be a most unfortunate one, as illustrated in the case at bar, where the owner of the higher building has offered to pay the expense of the work, and the owner of the lower building has without apparent cause refused either himself to extend the vent pipe or to allow the owner of the higher building so to do.

I recommend that the determination of the Appellate Term and the judgment of the Municipal Court be reversed, and a new trial granted, with costs in all courts to appellant to abide event.

CLARKE, P. J., LAUGHLIN, SCOTT and DOWLING, JJ., concurred.

Determination and judgment reversed and new trial ordered, with costs to appellant in all courts to abide event.